UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL BRADSHAW, | : | Case No. 1:24-cv-360 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Susan J. Dlott |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

# REPORT AND RECOMMENDATION

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). This matter is before the Court on the petition, respondent's return of writ (Doc. 7) and petitioner's reply (Doc. 8). For the reasons stated below, it is recommended that the petition be denied.

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's convictions and sentence:[1]

> During the period between September 10, 1991, and September 26, 1991, [J.W.], then five years of age, and her brother D___ lived with their grandmother, Mamie Parker. Parker's husband, William, and her daughter, Tonya, also lived at that residence. On one unspecified afternoon during that period, J____ was watching television in the living room when Tonya's boyfriend, Bradshaw, allegedly summoned her into the bedroom. J_____ claimed that Bradshaw instructed her to

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

> remove her clothing; that Bradshaw then removed his clothing; that Bradshaw got on top of her and placed his "private part" inside of her; and that Bradshaw advised her not to disclose to anybody the events that had transpired on that day. J\_\_\_\_\_ asserted that her attempts to inform Parker about the incident were met with resistance and hostility. Several months later, after telling her mother about the occurrence, J\_\_\_\_ was taken to the hospital. Dr. Robert Siegal testified at trial that his examination of J\_\_\_\_\_ revealed that she had sustained an injury to her hymen which was consistent with sexual penetration. In July 1992, the police were notified and an investigation was commenced. Bradshaw was arrested and subsequently charged in an indictment with one count of rape in violation of R.C. 2907.02. The case was tried before a jury, and Bradshaw was found guilty as charged and sentenced as it appears of record.

(Doc. 8, Ex. 8 at PageID 145-46).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On December 9, 1992, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of rape. (Doc. 6, Ex. 1). Petitioner entered a not-guilty plea. (Doc. 6, Ex. 2).

On July 23, 1993, following a jury trial, petitioner was found guilty of the single count of rape charged in the indictment. (Doc. 6, Ex. 3). Petitioner was sentenced to serve a life sentence in the Ohio Department of Corrections. (Doc. 6, Ex. 4).

### Direct Appeal

Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 5). In his appellate brief, petitioner raised the following eight assignments of error:

> I. THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF TONYA COLEMAN AND IN STRIKING FROM THE RECORD HER PRIOR TESTIMONY (T. p. 262) ON THE BASIS THAT SHE VIOLATED AN ORDER OF SEPARATION. APPELLANT WAS PREJUDICED BY THIS ERROR.

2

II. THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF TONYA COLEMAN AND IN STRIKING FROM THE RECORD HER TESTIMONY PRIOR TO THE POINT OF EXCLUSION (T.p. 262). THIS EXCLUSION AND STRIKING CONSTITUTED A DENIAL OF THE CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE. APPELLANT WAS PREJUDICED THEREBY.

III. THERE WAS NO EVIDENCE OF FORCE TO SUPPORT THE JURY'S VERDICT (T.d. 48). APPELLANT WAS PREJUDICED BY THE ENTRY OF SENTENCE THEREON.

IV. THE TRIAL COURT ERRED IN FAILING TO GRANT JUDGMENT ON THE ISSUE OF FORCE ON THE APPELLANT'S RULE 29 MOTION FILED AT THE END OF THE STATE'S EVIDENCE (T.p. 208). APPELLANT WAS PREJUDICED BY THIS ERROR.

V. THE JURY'S VERDICT (T.d. 48), WHICH REQUIRED A CONCLUSION THAT DANIEL BRADSHAW RAPED J____ W_____, WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE. APPELLANT WAS PREJUDICED BY THIS ERROR.

VI. THE STATE'S ATTORNEY COMMITTED VARIOUS MISCONDUCT THROUGHOUT THE TRIAL AND THEREBY DENIED DANIEL BRADSHAW A FAIR TRIAL AND DUE PROCESS OF LAW (T.p. 98-360). APPELLANT WAS PREJUDICED THEREBY.

VII. DANIEL BRADSHAW WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL BELOW, SUCH DENIAL CONSTITUTES DENIAL OF DUE PROCESS OF LAW. WAS PREJUDICED BY THIS DENIAL.

VIII. THE TRIAL COURT ERRED IN ITS RULING THAT VEL WEAVER COULD TESTIFY AS TO THE HEARSAY STATEMENTS OF J_____ W_____ IDENTIFYING THE PERSON WHO ALLEGEDLY SEXUALLY ASSAULTED J_____ W_____ (T.p. 170). APPELLANT WAS PREJUDICED THEREBY.

(Doc. 6, Ex. 6). On September 21, 1994, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 6, Ex. 8).

Petitioner, through counsel, filed a notice of appeal and memorandum in support of

3

jurisdiction in the Ohio Supreme Court. (*See* Doc. 6, Ex. 28). On February 15, 1995, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Ex. 9).

### Delayed Application to Reopen

On January 30, 2023, more than twenty-five years later, petitioner filed a delayed application to reopen his direct appeal pursuant to Ohio App. R. 26(B). (Doc. 6, Ex. 10). Petitioner based his motion on the following claims:

I. APPELLANT'S TRIAL COUNSEL AND APPELLATE COUNSEL'S PERFORMANCE FELL BELOW THE OBJECTIVE STANDARD OF REASONABLENESS WHERE BOTH FAILED TO INVESTIGATE THE FACTS, KNOW THE LAW, RAISE ANY CONSTITUTIONAL VIOLATIONS OR SUBJECT THE PROSECUTIONS CASE TO ANY MEANINGFUL ADVERSARIAL TESTING AS THE STATE WITHHELD EVIDENCE FAVORABLE TO THE DEFENSE. THIS WAS A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND EFFECTIVE APPELLATE REVIEW, OHIO CONSTITUTION SECTION 16, ARTICLE I, THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND FEDERAL DUE PROCESS OF LAW.

II. APPELLATE COUNSEL ERRED IN VIOLATION OF *STRICKLAND* WHEN APPELLATE COUNSEL FAILED TO CHALLENGE JURY INSTRUCTIONS AND NUMEROUS CRITICAL DOCUMENTS THAT TRIAL COUNSEL PURPOSELY NEGLECTED TO SUBMIT FOR TRIAL, KNOWINGLY LYING IN OPEN COURT ABOUT SAID DOCUMENTS WHEN IT DETERMINED THERE WAS NO *BRADY* MATERIALS IN THE SEALED RECORDS. A VIOLATION OF OHIO CONSTITUTION, SECTION 16, ARTICLE I, AND THE UNITED STATES CONSTITUTION, FIFTH AND FOURTEENTH AMENDMENTS, AS WELL AS IN VIOLATION OF FEDERAL DUE PROCESS OF LAW.

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED PRISON SENTENCE AGAINST APPELLANT WITHOUT MAKING STATUTORILY MANDATED FINDINGS IN SUPPORT OF SENTENCE IN VIOLATION OF APPELLANT RIGHTS UNDER THE

4

FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

(Doc. 6, Ex. 10). On March 30, 2023, the Ohio appeals court denied the application to reopen, finding the application to be untimely and that petitioner failed to demonstrate good cause for the delay. (Doc. 6, Ex. 13).

Petitioner appealed the decision to the Ohio Supreme Court (Doc. 6, Ex. 14, 15), which declined jurisdiction over the appeal on July 5, 2023. (Doc. 6, Ex. 16).

### Petition to Vacate or Set Aside Judgment of Conviction or Sentence

Next, on August 3, 2023, petitioner filed a petition to vacate or set aside judgment of conviction in the trial court. (Doc. 6, Ex. 17). On August 16, 2023, the trial court denied the petition as untimely. (Doc. 6, Ex. 19).

Petitioner did not seek review of the trial court's decision in the Ohio Court of Appeals.

### New Trial Motions

On November 13, 2023, petitioner filed a motion for leave to file a delayed motion for a new trial and a motion for a new trial. (Doc. 6, Ex. 20, 23). Petitioner based his motions on documents allegedly withheld from discovery in his criminal trial. Petitioner indicated that he did not become aware of the documents until April 2021. (*See id.* at PageID 221). On December 20, 2023, the trial court denied petitioner's motions. (Doc. 6, Ex. 22, 25).

Petitioner did not seek further review of the trial court's denial of his motions.

### Federal Habeas Corpus

On July 2, 2024, petitioner filed the instant federal habeas corpus action. (*See* Doc. 1). Petitioner raises the following four grounds for relief in the petition:

5

> **GROUND ONE**: Procedural Due Process Violation of (HCDHS) Social Worker Amy Hoover.
>
> Supporting Facts: Hamilton County Department of Human Services received a 241-KIDS call April 16, 1992, alleging sexual abuse. No one contacted law enforcement within 24hrs. An interview of Jamita was conducted April 17, 1992 & a doctor's appointment was scheduled for May 4, 1992 (Amy Hoover being present). Amy Hoover didn't file a police report until July 28, 1992, 2 months after the initial, April 16, 1992 241-KIDS call.
>
> **GROUND TWO**: Ineffective Assistance of Trial Counsel.
>
> Supporting Facts: Trial counsel failed to hire the expert assistance of a court approved psychologist/psychotherapist & motion the court to review & investigate the confidential children service records of: (1) April 16, 1992 241-KIDS call, (2) April 17, 1992 interview of Jamita Weaver, (3) Amy Hoover file, (4) Vel Weaver mental health records (history of mental illness & drug & alcohol addiction) for materiality.
>
> **GROUND THREE**: Brady Violation—Prosecutorial misconduct suppressed exculpatory & impeachable evidence (Giglio Error).
>
> Supporting Facts: 7-22-93, the prosecution submitted an exhibit into evidence of social services timeline of events, that reveals the fact that the prosecution was aware that the initial allegation was reported to social services April 16, 1992 that was never reported to law enforcement.
>
> **GROUND FOUR**: Right of Confrontation. Withheld Brady materials impeded cross-examination & deprived defendant of a fair trial.
>
> Supporting Facts: The suppressed evidence are confidential children service records that are in exclusive possession of the state, only way they can be reviewed if the prosecution make the defense aware in response to a discovery request then the defense counsel has to hire expert assistance of a psychologist & motion the court to review the records & determine materiality, which wasn't done in this case.

(Doc. 4 at PageID 41-46).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has replied. (Doc. 7, 8). According to respondent, petitioner's grounds for relief are time-barred, non-cognizable, procedurally defaulted, and/or without merit.

6

## II. ANALYSIS.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, under § 2244(d)(1)(A), the Ohio Supreme Court dismissed petitioner's appeal on February 15, 1995. (Doc. 6, Ex. 9). Because "direct review" of petitioner's conviction included review by the United States Supreme Court, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000), the statute of limitations ordinarily would began to run on May 16, 1995, when the ninety-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay*, 537 U.S. at 525; *Bronaugh,* 235 F.3d at 283. However, because petitioner's conviction became final prior to the effective date of

7

the AEDPA, petitioner was entitled to a one-year grace period running from April 24, 1996, the act's effective date. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Accordingly, the limitations period expired on April 24, 1997 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

Petitioner has not argued that the statute of limitations is governed by § 2244(d)(1)(D) in this case. However, petitioner seeks habeas relief based on evidence allegedly withheld by the prosecution in his criminal trial. Specifically, petitioner argues that the prosecution withheld evidence of an April 16, 1992 phone call reporting sexual abuse in Ground Three of the petition. Petitioner acknowledges that his claims rely on exhibits that were submitted at trial on July 22, 1993, however he claims he was not aware of the evidence until April 14, 2021. (*See* Doc. 4 at PageID 50; Doc. 6, Ex. 15 at PageID 198).

As argued by respondent (*see* Doc. 7 at PageID 683-84), under § 2244(d)(1)(D) the limitations period begins when the factual predicate of the claims could have been discovered through the exercise of due diligence, not when petitioner actually became aware of it. In any event, even assuming *without deciding* that the limitations period began to run on April 14, 2021, the petition is still time-barred. In that scenario the limitations period expired on April 14, 2022. Because petitioner did not file the instant petition until July 2, 2024, more than two years later, the petition is time-barred absent any applicable tolling.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-

8

conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). However, petitioner took no further action in the state courts until January 30, 2023, when he filed a delayed application to reopen his direct appeal.[2] (Doc. 6, Ex. 10). Because the limitations period had already expired on April 14, 2022, the application and petitioner's subsequent state-court filings do not operate to toll the limitations period. *See Vroman*, 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test

---

[2] The undersigned notes that because the Ohio Court of Appeals denied the 26(B) application as untimely, the post-conviction petition would not serve to toll the statute of limitations in this case even if filed during the limitations period. A Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure, which, if "properly filed," can toll the running of the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). *See also Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005); *Smith v. Warden*, 789 F. App'x 208, 223 (6th Cir. 2019). However, in this case, the Ohio Court of Appeals denied the application untimely (*see* Doc. 6, Ex. 10), rending it improperly filed for the purposes of tolling the AEDPA limitations period. *See Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's [post-conviction relief] petition as untimely, it was not 'properly filed,' and hence he is not entitled to statutory tolling under § 2244(d)(2).").

has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than 28 years to file his habeas petition after his conviction and sentence became final under § 2244(d)(1)(A). Petitioner also waited 1,175 days—more than three years (from April, 14, 2021 to July 2, 2024)—from the date he claims to have discovered the evidence underlying his petition until he filed his federal habeas corpus petition. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner.

To the extent that plaintiff claims he is entitled to equitable tolling based on his pro se status (*see* Doc. 4 at PageID 49-50), it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he

was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition (Doc. 4) be **DENIED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it

debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

　　　　　　　　　　　　　　　　　　　　*s/Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　United States Chief Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

12

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).