IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Daniel Bradshaw, | : | Case No. 1:24-cv-360 |
| | : | |
| Petitioner, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendation |
| Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court the Report and Recommendation issued by the Magistrate Judge on January 1, 2026, to which no objections were filed.  (Doc. 9.)  For the reasons that follow, the Magistrate Judge's Report and Recommendations will be **ADOPTED**.

Petitioner Daniel Bradshaw filed a *pro se* Petition for a Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254 on July 22, 2024.  (Doc. 4.)  Respondent filed a Return of Writ, and Petitioner filed a Reply.  (Doc. 7, 8.)  On January 5, 2026, the Magistrate Judge issued a Report and Recommendation in which she found Petitioner's claims arising from his conviction for rape in 1993 to be time-barred, not subject to equitable tolling, and not subject to excuse based on a colorable showing of actual innocence.  (*See* Doc. 9.)  As such, the Magistrate Judge recommended: (1) the Habeas Petition be denied with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d); (2) a certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling; and (3) with respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should

1

certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore deny petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).  (Doc. 9.)  Petitioner did not file objections to the Report and Recommendation.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to file and serve specific written objections to the report and recommendations.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").  Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.

As no objections were filed, and finding the Report and Recommendation to be well-taken, the Court **ADOPTS** the Report and Recommendation.  (Doc. 9.)  The Court therefore,

**DENIES** the Habeas Petition (Doc. 4) with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d); (2) declines to issue a certificate of appealability with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because jurists of reason would not find it debatable whether the Court is correct in its procedural ruling; and (3) certifies that pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore petitioner is denied leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade,* 117 F.3d at 952.

        **IT IS SO ORDERED**.

Dated:  May 7, 2026                 S/Susan J. Dlott
                                             Judge Susan J. Dlott
                                             United States District Court